United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Michael Foster and others, Plaintiffs, | ) ) ) |
| v. | ) ) Civil Action No. 19-24969-Civ-Scola ) |
| Transamerica Life Insurance Company, Defendant. | ) ) ) |

### Order on Motion to Dismiss

     Now before the Court is the Defendant Transamerica Life Insurance Company's ("Transamerica") partial motion to dismiss. For the reasons set forth below, the Court **grants** Transamerica's partial motion to dismiss count two (**ECF No. 7**).

     The Plaintiffs Michael Foster and David Glassberg sue in their capacities as co-trustees of the Theodore Foster and Beatrice Foster Irrevocable Intervivos Insurance Trust, which owned two life insurance policies issued by Transamerica. (ECF No. 1 at ¶ 1.) The Plaintiffs bring claims for breach of contract and statutory bad faith pursuant to § 624.155, Florida Statutes, alleging that Transamerica improperly increased the monthly deduction rates used to determine the monthly deductions taken from the accumulation values of the policy each month. (*Id.* at ¶¶ 2-4.) Transamerica argues that the bad faith claim should be dismissed as premature. The Court agrees.

     Actions against insurers for bad faith under § 624.155, Florida Statutes, do not accrue until the insured's underlying claim is resolved in favor of the insured. *Blanchard v. State Farm Mut. Auto. Ins. Co.*, 575 So. 2d 1289, 1291 (Fla. 1991) (answering question certified by the Eleventh Circuit). Even though they have not prevailed on the underlying breach-of-contract claim, the Plaintiffs bring a bad faith claim, alleging that Transamerica wrongfully increased the monthly deduction rates and misrepresented pertinent insurance policy provision to the Plaintiffs. (ECF No. 1 at ¶¶ 69-74.) These claims are premature.

     Premature bad faith claims based on Fla. Stat. § 624.155 may be either abated or dismissed at the discretion of the trial court. *Laxman v. Safeco Ins. Co. of Illinois*, 2015 WL 845582 at *2 (S.D. Fla. Feb. 25, 2015) (Rosenberg, J.) (citing *Landmark Am. Ins. Co. v. Studio Imports, Ltd.,* 76 So. 3d 963, 964-65 (Fla. 4th DCA 2011)). The Court is persuaded that dismissal of the bad-faith claim is the more appropriate action in this case. As this Court has previously stated,

"abating the bad faith claim, even if it may be in the interest of judicial economy, is not the proper route. Bringing a premature bad faith claim is contrary to the Federal Rules of Civil Procedure." *Rausnitz v. Transamerica Life Ins. Co.*, 2019 WL 7643148, at *3 (S.D. Fla. Dec. 13, 2019) (Scola, J.) (citing *Fantecchi v. Hartford Ins. Co. of the Midwest*, 2015 WL 12516629, at *2 (S.D. Fla. Nov. 24, 2015) (Altonaga, J.). The Court explained that bringing these claims is contrary to the Federal Rules of Civil Procedure because "[a] plaintiff who has an as-yet unresolved claim for [breach of contract] is not 'entitled to relief' on its claim for bad faith." *Fantecchi*, 2015 WL 12516629, at *2 (quoting Fed. R. Civ. P. 8(a)(2)). Accordingly, the Court finds it more appropriate to dismiss the Plaintiff's bad-faith claim without prejudice rather than abate it.

In sum, the Court **grants** Transamerica's partial motion to dismiss count two for bad faith (**ECF No. 7**).

**Done and ordered** in chambers, at Miami, Florida, on March 30, 2020.

_____
Robert N. Scola, Jr.
United States District Judge